UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIEMOKO COULIBALY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-1174 (UNA) |
| ) | |
| JP MORGAN CHASE BANK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court grants the application and, for the reasons discussed below, dismisses the complaint without prejudice.

Federal Rule of Civil Procedure 8(a) requires a complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) further requires that "[e]ach allegation must be simple, concise, and direct." "Taken together," these requirements "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996)). That clarity is necessary to "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), so that they may prepare an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

1

Plaintiff appears to sue every individual, corporate entity, government office, elected official, law enforcement officer, and court having had any conceivable role to play in the foreclosure of real property in Montgomery County, Maryland. For example, plaintiff alleges that JP Morgan Chase Bank engaged in mortgage fraud and falsified documents upon which it relied in initiating foreclosure proceedings in 2016 and 2017, in violation of Maryland's Mortgage Fraud Protection Act and other statutes. *See, e.g.*, Compl. at 6, 10-12, 17-18. Discussed at some length, albeit in disjointed fashion, are proceedings in the Montgomery County Circuit Court, Maryland Court of Special Appeals, and the United States District Court for the District of Maryland. Plaintiff takes particular exception to the handling and outcome of a matter before the Montgomery County Circuit Court, *see generally id.* at 12-16, 22-25, preceding the alleged "theft" of and plaintiff's eviction from the property, *see, e.g., id.* at 28.

Even bearing in mind the more forgiving standards applied to *pro se* filings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), plaintiff's complaint utterly fails to meet Rule 8's minimal pleading standard. The Court declines to "burden . . . the part[ies] who must respond to [the complaint]" by forcing them to "select the relevant material from a mass of verbiage," *Ciralsky*, 355 F.3d at 669 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)), and will dismiss the complaint *sua sponte* without prejudice, *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("When a complaint fails to comply" with Rule 8's requirements, "the district court has the power, on motion or *sua sponte*, to dismiss the complaint," especially in "cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (internal quotation marks omitted)).

More, insofar as plaintiff challenges the rulings of the Maryland courts, this federal district court is without authority to entertain such a claim. *See, e.g., Fleming v. United States*,

847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust* Co., 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994).

    An Order is issued separately.

DATE: May 12, 2022                                                 TREVOR N. McFADDEN
                                                                                          United States District Judge